# United States Court of Appeals for the Fifth Circuit

---

No. 24-40019
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL ANGEL VARGAS VELEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-254-3

---

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Miguel Angel Vargas Velez was sentenced to 151 months of imprisonment after being convicted of conspiracy to possesses with intent to manufacture and distribute methamphetamine. On appeal, he contends that there is insufficient evidence in support of his conspiracy conviction, that he could not be convicted of aiding and abetting the conspiracy as a matter of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

law, that the district court plainly erred in instructing the jury on aiding and abetting and deliberate ignorance, and that he is entitled to a new hearing because of the improper dismissal of a juror.

Vargas Velez first argues that there is no evidence that he had knowledge of the conspiracy or the specific intent to participate in the conspiracy. We review the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Here, the evidence showed that Vargas Velez answered at least five phone calls from an undercover officer who was trying to reach Vargas Velez's brother regarding the delivery of methamphetamine; that he immediately acknowledged that the caller was trying to reach his brother once the caller began asking about the sale of drugs; and that he repeatedly allowed his brother to use his cellphone to communicate with the undercover officer regarding the sale of methamphetamine. He also made other statements during those calls permitting an inference of his participation. Further, Vargas Velez transferred $500 to a woman in Mexico, who had already received approximately $3,000 from his brother, under circumstances supporting an inference she was a drug supplier. When this evidence is viewed in the light most favorable to the Government, a rational jury could conclude beyond a reasonable doubt that Vargas Velez knowingly and voluntarily participated in a conspiracy to distribute methamphetamine. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc).

Vargas Velez also argues that he could not be convicted of aiding and abetting the conspiracy as a matter of law. We review this unpreserved issue for plain error only. *See United States v. Suarez*, 879 F.3d 626, 630 (5th

Cir. 2018). As aiding and abetting is not a separate offense but an alternate way to demonstrate liability as a principal, and because the evidence was sufficient to convict him of the conspiracy, we need not reach his aiding and abetting arguments. *See United States v. Meyer*, 63 F.4th 1024, 1038 (5th Cir.), *cert. denied*, 144 S. Ct. 312 (2023). In any event, the record was not devoid of evidence supporting aiding and abetting as required to show plain error. *See Suarez*, 879 F.3d at 630. His argument that he could not aid and abet the conspiracy as a matter of law because it was complete upon agreement of the original conspirators is similarly without merit. A conspiracy is a continuing offense, *see Smith v. United States*, 568 U.S. 106, 111 (2013), and at least one circuit has rejected this specific argument, as Vargas Velez acknowledges. Thus, he has not shown clear or obvious error. *See, e.g.*, *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).

Next, Vargas Velez argues that the district court plainly erred in instructing the jury on aiding and abetting and deliberate ignorance. Because Vargas Velez did not object to the jury instructions, review is for plain error. *See United States v. Gibson*, 875 F.3d 179, 195 (5th Cir. 2017). The evidence supported an aiding and abetting instruction, so there was no clear error. *See United States v. McClatchy*, 249 F.3d 348, 357 (5th Cir. 2001). Any error in giving the deliberate ignorance instruction was at best harmless because there was substantial evidence that Vargas Velez had actual knowledge of the conspiracy. *See United States v. Kuhrt*, 788 F.3d 403, 417 (5th Cir. 2015).

Finally, Vargas Velez argues that he is entitled to a new trial because of the improper removal of a juror and because the court communicated with a juror outside the presence of counsel. We again review for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). The record does not support his contention that the district court communicated with a juror. Further, there is factual support for the district court's determination that a juror engaged in threatening behavior, so Vargas Velez is unable to

No. 24-40019

demonstrate that any error in the removal of the juror was clear or obvious. *See United States v. Ebron*, 683 F.3d 105, 126 (5th Cir. 2012).

AFFIRMED.